Wilson & Rector, Columbus, for defendant in error.

## NIXON v BUCKEYE BLDG & LOAN CO

Ohio Appeals, 2nd Dist, Franklin Co

No 2412.   Decided Nov 8, 1934

## OPINION

By BARNES, J.

Aside from the claimed error in sustaining demurrer to the cross-petition, the re-

maining error is buttressed around the contention that the separate signed agreement to pay on the part of Nixon was without consideration, and that by reason thereof no personal judgment should be entered against him. We think that the defendant Nixon's answer in the admission that he assumed and agreed, in writing, to pay the note removes as an issue in the case the question of consideration. In our judgment the legal effect of the words "assumed and agreed" is the admission of an act binding in law.

Consideration is an element necessary in every contract. If there was the absence of consideration in the so-called "Application for Transfer of Loan," then it could not be said that he assumed and agreed to pay it. If he desired to raise the issue he should so plead.

The general denial following only traverses such allegations of the petition as are not admitted.

Even if we accept the theory of counsel for plaintiff in error that the question of consideration is an issue, we then agree with the finding of the trial court that consideration was shown.

It is the theory of counsel for Nixon that the loan company in merely giving its written consent to the transfer of the mortgaged premises from Clump still had the right by reason of default in principal to foreclose immediately; that by reason thereof the loan company gave up nothing and did not in the slightest extent alter any of its rights or remedies; that by executing the written consent for transfer they would take away the option of declaring an acceleration by reason of that fact, yet with defaults in payment of principal and interest, the right remains.

One answer to this contention is that the defendant Nixon in his application for transfer of loan agreed to pay at once all delinquencies and taxes and that he failed to do so. The words "pay at once" would mean contemporaneously with the execution of his agreement. It becomes apparent that, had he complied with the terms of his agreement there would have been no delinquencies as to taxes and principal. He did pay the delinquent interest and thereby removed one of the elements through which the loan company might exercise its option of declaring an acceleration. We are unable to look with favor on this contention when it is apparent that the defendant Nixon is basing much of his contention on a default which he had agreed to pay.

Had he removed the default by making payments, as he had agreed to do, it is further urged that the company still had the option to declare the note due after a period of one year. This particular paragraph reads as follows:

"At any time after one year from date the whole amount of principal and interest then unpaid on this note shall become due and payable at the option of said company and upon at least thirty days prior written notice being given by mail sent to the last known address of each of the undersigned, and the mortgage or other security given to secure the payment of this debt may then be enforced."

The undersigned referred to is John W. Fought and Gertrude Fought. No provision is contained in the note or mortgage for notice to the grantees of Fought, and if vital or important in the determination of the instant case, there might be a very serious question as to whether or not this provision for acceleration would apply where the loan company had given its written consent to the transfer. Some of the language of the application for transfer may be broad enough to include the above clause, but if so the defendant Nixon would then be bound by his separate agreement and not necessarily through this clause in the original note.

In any event, the loan company could not commence suit on the note or foreclosure of the mortgage until after the expiration of the thirty days, as required in the quoted clause.

As a further reason for our conclusion, we would call attention to the fact that under the accelerating clauses of the note and mortgage certain affirmative acts were required in order to render the note due and payable and the mortgage enforceable. In each and every instance where provision is made for acceleration we find the words "at the option of said company." Under this situation the note was not rendered due and payable nor the mortgage enforceable merely by reason of the defaults, but it was necessary for the loan company to so declare.

It has been determined that the bringing of suit is a sufficient declaration of the exercise of the option. In the instant case the plaintiff pleads that it exercises its option. In support of this theory we make

reference to the case of Weinberg v Naher et, (Washington), 99 Pacific, 736.

"Syllabus 1. Where a mortgage note stipulates that, on default in payment of interest, the whole debt shall become due at the option of the holder, the debt does not become due unless the option is exercised by affirmative act brought to the notice of the mortgagor."

"Syllabus 2. Where a mortgage note stipulates that, on default in the payment of interest, the whole debt shall become due at the option of the holder, a tender of the overdue interest before the exercise of the option cuts off the right to the option, though the holder has a reasonable time in which to exercise the right."

We also cite the Common Pleas Court decision in Hamilton County by a very eminent jurist as found in **24 Ohio Law Reporter, page 486.** The title of the case is **Reverman et v Newman.** The syllabus reads as follows:

"In a mortgage which provides that upon the nonpayment of interest at any interest paying period the entire debt shall, at the option of the mortgagee, become due and payable, the bringing of a suit to enforce the mortgage after default in payment of interest is sufficient notice of the mortgagee's election to regard the whole debt due, and tender of the interest thereafter will not defeat plaintiff's action."

Applying the above principles of law to the instant case, we hold that the note was not due and payable nor the mortgage enforceable until the loan company exercised its option by reason of certain defaults. The option was not exercised by reason of the note being more than one year old. So far as the evidence discloses there was no exercise of the option until the bringing of the suit, and this was some nine months after Nixon had become the owner of the mortgaged premises. At any period within the nine months he had the privilege of clearing up all defaults as per his agreement.

As heretofore stated, we think the agreement is supported by a consideration. On the part of the building and loan they agreed to the transfer of ownership. On the part of Nixon he agreed to pay up all delinquencies and comply with the terms of the note and mortgage.

Finding no prejudicial error, the judg-

ment of the lower court will be affirmed and costs awarded against the plaintiff in error, Nixon. Exceptions will be allowed.

HORNBECK, PJ, and KUNKLE, J, concur.