### In re Mark E. SODERLUND, Carol J. Soderlund, Debtors.

### Bankruptcy No. 2–80–01698.

United States Bankruptcy Court, S. D. Ohio, E. D.

Oct. 22, 1980.

Stephen R. Buchenroth, Columbus, Ohio, for Western & Southern.

Steven Lee Smith, Columbus, Ohio, for debtors.

Frank Pees, Worthington, Ohio, Trustee (Chapter 13).

### ORDER ON OBJECTION TO CONFIRMATION

R. J. SIDMAN, Bankruptcy Judge.

This matter is before the Court on the merits of an objection to confirmation of the second amended Chapter 13 plan proposed by Mark and Carol Soderlund, joint Chapter 13 debtors and husband and wife. Based upon statements made at the hearing on confirmation by counsel for Western and Southern Life Insurance Company, the objecting creditor, the two grounds for objection to confirmation are (1) because the entire Western and Southern Life Insurance Company mortgage has been acceler-

ated and is due and payable at the present time and not simply in arrearage, the plan is not feasible and does not properly treat the Western and Southern obligation and (2) eighteen months is not a reasonable time, under § 1322(b)(5) of the Bankruptcy Code, in which to cure any arrearage that may in fact be owed.

Western and Southern argues that, under the terms of the note and mortgage originally executed by the Soderlunds the mortgagee, or its assignee, has the right of acceleration, that is, the right to declare, under certain stated conditions, all sums under the note and mortgage immediately due and payable. Western and Southern exercised such an election on February 25, 1980 in connection with the institution of a foreclosure proceeding filed in the Common Pleas Court of Franklin County, Ohio. The provisions of § 1322(b)(5) of the Bankruptcy Code are relevant to the Court's inquiry:

"notwithstanding paragraph (2) of this subsection, [the plan may] provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due;" 11 U.S.C. § 1322(b)(5).

Western and Southern argues that, by virtue of its declared acceleration, that the final payment under its note and mortgage is not due after the date upon which final payment under the plan is due and thus § 1322(b)(5) of the Bankruptcy Code is inapplicable and unavailable to these debtors.

■ Western and Southern has failed to take into account the impact of § 1322(b)(3) of the Bankruptcy Code which provides:

"[the plan may] provide for the curing or waiving of any default;"

This provision of the statute is not qualified in any respect and does not appear to be excluded in its applicability to a situation involving a defaulted first mortgage on residential real estate. In fact, it would appear that subsections (3) and (5) of § 1322(b) may be used serially to, first of all, provide for the curing of a pre–petition default and secondly to provide for the maintenance of current payments during the life of the plan while arrearages are cured within a reasonable time. Since both the provisions of § 1322(b)(3) and § 1322(b)(5) indicate that a plan may provide for the curing of any default, it is immaterial that a pre–petition acceleration clause may have been invoked by a creditor. The debtor has the choice, under the clear authority of § 1322(b)(3) of the Code, of providing in his plan for the curing of such pre–petition default and reinstating the terms of the mortgage.

Western and Southern cites no authority which would shed any light on the "reasonable time" requirement of § 1322(b)(5). This Court has previously held that a thirty–six (36) month period is not reasonable in this case. The present plan calls for pay–back on the arrearage to occur in eighteen (18) months. The exact dollar amount of the arrearage has not been provided to the Court. However, Western and Southern has not contested the debtors' assertion that a $130.00 per month payment (over and above the regular monthly mortgage payment) will eliminate the default in the projected eighteen (18) month period.

■ Western and Southern has failed to persuade this Court that the time period for the curing of the default is unreasonable in this case. This determination is one addressed to judicial discretion and to be judged on a case by case basis. The absence of any compelling reason on the record to deny the pay–back proposal of these debtors (such as immediate or irreparable harm to the objecting creditor, or jeopardy to the collateral) causes this Court to opt in favor of confirmation of their plan. The plan presently proposed in this case meets all the tests for confirmation set forth in § 1325 of the Bankruptcy Code and thus the objection to confirmation filed by Western and Southern Life Insurance Company is hereby overruled. An Order Confirming Plan will issue forthwith.

IT IS SO ORDERED.