**In re Paul Joseph SAPP, Evelyn Louise Sapp, Debtors.**

**Bankruptcy No. 2–81–00423.**

United States Bankruptcy Court, S. D. Ohio, E. D.

April 14, 1981.

Stephen R. Buchenroth, Columbus, Ohio, for Eagle Sav. Ass'n.

Mitchel D. Cohen, Columbus, Ohio, for debtors.

Frank Pees, Trustee.

## ORDER ON OBJECTION TO CONFIRMATION OF PLAN

R. J. SIDMAN, Bankruptcy Judge.

Eagle Savings Association, a creditor holding a secured claim against the debtors in this Chapter 13 case, has filed an objection to confirmation of the proposed plan. The grounds asserted for objection and the Court's disposition of them are as follows:

1. *THE PLAN DOES NOT PROVIDE FOR THE CURING OF THE DEFAULT IN THE NOTE AND MORTGAGE OF EAGLE SAVINGS ASSOCIATION AS REQUIRED BY SECTION 1322(b)(5) OF THE BANKRUPTCY CODE.*

 ■ Eagle Savings Association ("Eagle") elected, prior to the filing of the Chapter 13 petition herein, to accelerate the indebtedness of the debtors under a provision of the promissory note executed by the debtors that reads:

 "If default be made in the payment of any installment under this note, and if such default is not made good prior to the date of the next such installment, the entire principal sum and accrued interest shall at once become due and payable without notice at the option of the holder of this note."

The debtors were in substantial default under the payment obligation of the note at the time acceleration was declared. The ability of Eagle to continue to use the acceleration clause to thwart the debtors' efforts to rehabilitate themselves financially and to cure pre-petition default on a number of their debt obligations is circumscribed by the provisions of § 1322(b)(3) & (5) of the Bankruptcy Code. Those statutory provisions have been interpreted by this Court in the case of *In re Soderlund*, 3 C.B.C.2d 255, 7 B.R. 44 (Bkrtcy.S.D.Ohio 1980), which stated:

 "... it would appear that subsections (3) and (5) of § 1322(b) may be used serially to, first of all, provide for the curing of a pre-petition default and secondly to provide for the maintenance of current payments during the life of the plan while arrearages are cured within a reasonable time. Since both the provisions of § 1322(b)(3) and § 1322(b)(5) indicate that a plan may provide for the curing of any default, it is immaterial that a pre-petition acceleration clause may have been invoked by a creditor. The debtor has the choice, under the clear authority of § 1322(b)(3) of the Code, of providing in his plan for the curing of such pre-petition default and reinstating the terms of the mortgage." *In re Soderlund*, supra, 3 C.B.C.2d at 256.

As this Court has further said in *In re Rogers*, No. 2–80–04701 (S.D.Ohio, February 5, 1981) (unreported):

 "In fact, 'deceleration' is a primary object of the provisions of § 1322(b)(5). Congressional intent on this subject appears to be consistent from the original proposal of reformed bankruptcy legislation by the Bankruptcy Commission in 1973 through the date of the enactment of the Bankruptcy Reform Act of 1978. Further, invocation of the provisions of the right to cure default (or 'decelerate') is granted notwithstanding the prohibition against modification of residential real estate debt as specified in § 1322(b)(2) of the Code. The debtor has properly and appropriately invoked his statutory remedies in this regard." *In re Rogers*, supra.

The debtors in this case seek to "decelerate" the pre-petition acceleration. That right is clearly granted to the debtors in the Bankruptcy Code, and thus the first ground for objection to the debtors' plan is hereby overruled.

2. *SECTION 1322(b)(5) OF THE BANKRUPTCY CODE IS NOT AVAILABLE TO THE DEBTOR WITH REGARD TO THE NOTE AND MORTGAGE OF EAGLE BECAUSE THE LAST PAYMENT ON SAID NOTE AND MORTGAGE IS NOT DUE AFTER THE DATE ON WHICH THE FINAL PAYMENT UNDER THE PLAN IS DUE.*

 ■ For the same reasons delineated above, Eagle's assertion that the last pay-

ment due Eagle does not extend beyond the term of the plan is inappropriate and without merit. Upon appropriate reinstatement (or "deceleration"), the last payment due Eagle does extend beyond the term of the plan and thus is properly treated under the provisions of § 1322(b)(5) of the Bankruptcy Code.

3. *THE PLAN MODIFIES THE RIGHTS OF EAGLE IN VIOLATION OF SECTION 1322(b)(2) OF THE BANKRUPTCY CODE.*

█ The right provided to these debtors under the provisions of § 1322(b)(5) of the Bankruptcy Code is granted notwithstanding the prohibition on modification contained in § 1322(b)(2) of the Bankruptcy Code. In light of this Court's ruling on the ability of the debtors to "decelerate" the mortgage obligation owed Eagle, Eagle's objection to confirmation based upon the provisions of § 1322(b)(2) of the Bankruptcy Code is without merit and it is hereby overruled.

4. *EVEN ASSUMING THAT THE NOTE AND MORTGAGE HAD NOT BEEN ACCELERATED THE PLAN DOES NOT PROVIDE FOR THE PAYMENT OF PRE–PETITION PAST DUE MORTGAGE PAYMENTS WITHIN A REASONABLE TIME.*

█ Eagle has asserted that the pre-petition arrearage due on the Eagle obligation cannot be repaid within a "reasonable time" as set forth in the statute. The repayment period, according to the calculation of the debtors, is twenty-four (24) months. This Court has previously held that the concept of "reasonable time" is one which must be judged on a case-by-case basis. Eagle has not alleged in this case that its collateral is in jeopardy, or that irreparable harm may occur to it through the reinstatement of the mortgage note terms and payment of its obligation through the plan. Absent such evidence, the Court determines that the reasonable time requirement is satisfied by the pay-back proposal of these debtors which calls for a curing of a substantial arrearage within a 24-month period.

5. *THE DEBTORS' CALCULATION OF THE PRE–ACCELERATION ARREARAGE IS INCORRECT.*

█ Whether or not the debtors' calculation of pre-petition arrearage is correct or not is a matter to be determined by the Court if and when an objection is made to the claim as filed by Eagle. It is not a basis for objection to confirmation of the debtors' plan where it is not found to have a substantial impact on creditor dividend or the length of the plan.

6. *THE PLAN WAS NOT PROPOSED IN GOOD FAITH.*

█ Eagle has alleged that the debtors have not filed or proposed their plan in good faith by virtue of the fact that they have failed, since the purchase of their residential real estate in July of 1980, to make even the first payment on the mortgage note, and additionally because the budget revealed by the debtors in their Chapter 13 Statement is unrealistic. The debtors in this case are proposing a 100% plan. To some degree, such a proposal by any Chapter 13 debtor may require the Court, and creditors, to expect the debtors to adjust their pre-petition style of living. In most circumstances, such adjustment is adequately made, and the debtors are able to perform under the plan as proposed. While it is difficult to excuse the failure of these debtors to pay their mortgage payments from the date of the purchase of their home until the filing of the Chapter 13 petition, it appears that, given the debtors' fairly substantial down payment on the home, and the fiscal discipline afforded by this Chapter 13 program, that such payments can be expected in the future. Further, the debtors' statement that their budget is realistic and livable deserves at least a short-run test. The Court opts in favor of confirmation of the 100% plan proposed by these debtors on the basis that it has not been shown to cause material harm to the objecting creditor, Eagle Savings Association, and it provides a substantial benefit to the debt-

ors and their family, and substantial payment to all creditors involved in this Chapter 13 proceeding. If and when the debtors show their inability to perform under the plan as now confirmed, the Chapter 13 trustee and the creditors, including Eagle, have an appropriate remedy under the provisions of the Bankruptcy Code. See, 11 U.S.C. § 1307(c). The objection of Eagle Savings Association is hereby overruled and an Order of Confirmation will issue forthwith.

IT IS SO ORDERED.