**In re Warren C. RIPPE and Irene Rippe, Debtors.**

**Bankruptcy No. 81–01305–BKC–SMW.**

United States Bankruptcy Court, S. D. Florida.

Sept. 14, 1981.

Bernard Rappaport, Miami, Fla., for debtors.

Joel M. Aresty, Miami, Fla., for Ameri-First S & L.

Robert L. Roth, Miami, Fla., Trustee.

## ORDER CONFIRMING PLAN

THOMAS C. BRITTON, Bankruptcy Judge.

This chapter 13 plan is before the court for confirmation under 11 U.S.C. § 1325. The matter was heard on September 9, 1981.

At the hearing, a mortgagee, AmeriFirst Federal Savings and Loan Association, objected to confirmation upon the ground that the plan offends the restriction contained in § 1322(b)(2).

This subsection permits the modification by a plan of the rights of secured creditors:

"...other than a claim secured only by a security interest in real property that is the debtor's principal residence...".

AmeriFirst holds a first mortgage on the debtor's residence and has no other security.

The debtors are in default under the original terms of this mortgage in the amount of about $3,500. Their plan provides for curing of the default by payments to be made over a 12 month period. At the hearing, the debtors agreed, at the trustee's recommendation, to cure the default by payments spaced over nine months.

Section 1322(b)(5) provides that a plan may:

"...provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any ... secured claim _on which the last payment is due after the date on which the final payment under the plan is due_ ...". (Emphasis supplied).

The original terms of the debtors' mortgage provide for payments to continue after the maturity of their plan. However, AmeriFirst argues that default occurred before bankruptcy and the mortgage contains provision for acceleration upon default and AmeriFirst exercised this option before bankruptcy. It is AmeriFirst's position that these circumstances make the last payment due now and therefore prohibit the debtors' proposal to cure the default through this plan.

This is not a question as to the exercise of this court's equitable discretion. Nor is there any question as to legality and effect of acceleration clauses under Florida law. The issue here is solely one of statutory construction.

AmeriFirst's argument is supported by several Bankruptcy Court decisions. Other Bankruptcy Courts have rejected the argument made here. There has not yet been a reported appellate decision. One decision rejecting this argument, which reviewed some of the conflicting decisions, is reported

at *In re Taddeo*, 9 B.R. 299 (Bkrtcy. E.D.N.Y.1981). The reasoning in *Taddeo* is more persuasive to me.

I am convinced that the underscored proviso in § 1322(b)(5) was not intended to be affected by acceleration clauses. I have not overlooked the fact that 11 U.S.C. § 1124(2)(A) explicitly provides for the curing of defaults in chapter 11 proceedings notwithstanding the exercise of an acceleration clause. The absence of a similar provision in chapter 13 would be a clear indication of a contrary intent in chapter 13, but for (a) the complete lack of any rational reason for a different legislative intent under chapter 13, and (b) the presence of § 1322(b)(3), which provides that the plan may:

"...provide for the curing or waiving of *any* default...".

On balance, it seems clear to me that the construction urged by AmeriFirst must be rejected. Because virtually every mortgage on a home (and probably all other mortgages) contain acceleration clauses, and because most chapter 13 debtors are in default on their home mortgages when they file, the construction urged by AmeriFirst would essentially vitiate § 1322(b)(3) and would to a considerable degree defeat the purpose of chapter 13, the rehabilitation of individual debtors.

AmeriFirst has made a compelling argument that the frustration in bankruptcy of acceleration clauses hurts the already hard-pressed savings and loan industry in this era of historically high interest rates. This argument can and should be addressed to Congress. It has no place in this court's search for the legislative intent in an act passed three years ago.

In all respects, this plan meets the requirements of § 1325(a) and the plan is confirmed.