In re Joseph C. TADDEO and Ellen A. Taddeo, Debtors.

Elfriede DiPIERRO, Plaintiff,

v.

Joseph C. TADDEO and Ellen A. Taddeo and Richard J. McCord, Interim Trustee, Defendants.

No. 81–0892.

United States District Court, E. D. New York.

Sept. 24, 1981.

---

Aaron, Mattikow & Lorenz, Jericho, N.Y. by Philip Irwin Aaron, Jericho, N.Y., for plaintiff.

Holzer & Nappi, Huntington, N.Y. by Sidney Holzer, Huntington, N.Y., for defendants.

## MEMORANDUM AND ORDER

GEORGE C. PRATT, District Judge.

Plaintiff appeals from an order of the bankruptcy court dismissing her complaint brought to lift an automatic stay imposed under 11 U.S.C. § 362(a) and for permission to continue a mortgage foreclosure action against the defendant-debtors' principal residence, commenced in state court prior to the filing of the bankruptcy petition.

The facts, which are set forth at length in Judge Parente's decision, 9 B.R. 299 (Bkrtcy.) can be briefly summarized. Plaintiff holds a second mortgage on defendants' residence which provides for monthly payments with the entire unpaid balance to become due in June 1994. The defendants failed to pay the first three installments, claiming they would withhold payment until plaintiff, who had sold them the house, made some repairs. Plaintiff notified defendants that she was exercising her option to accelerate the entire balance of the mortgage, and on October 19, 1979, she commenced a foreclosure action in state court.

On October 31, 1979, defendants tendered the arrears, which plaintiff rejected. The Supreme Court of the State of New York, Suffolk County, entered an order for summary judgment for plaintiff on May 12, 1980. On June 30, 1980, a court-appointed referee found the defendants liable to plaintiff for $14,153.48, plus interest from that date. Before the plaintiff could obtain a final judgment of foreclosure and sale pursuant to N.Y. RPAPL § 1351 (McKinney 1979), the debtors filed a petition under Chapter 13 of the Bankruptcy Code. The automatic stay under 11 U.S.C. § 362 brought into operation by this filing has prevented plaintiff from continuing their state court foreclosure proceeding.

Defendants' amended Chapter 13 plan provides for payment of arrears to plaintiff in installments of $100 per month and of all post-petition installments due under the second mortgage in accordance with the original mortgage payment schedule.

Plaintiff rejected this plan and commenced a proceeding in bankruptcy court to vacate the stay.

■ The issue before this court is whether a debtor who has filed a Chapter 13 petition, after a mortgagee has accelerated payments but before a final foreclosure judgment has been issued, may cure the default under 11 U.S.C. § 1322(b)(5) by paying the arrears under the plan and/or post-petition payments under the original mortgage schedule. Under § 1322(b)(5), a plan may

> provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due * * *

Plaintiff argues that the proposed plan does not fall within this section but rather that § 1322(b)(2) applies. Section 1322(b)(2) provides that a plan may

> modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims * * *

Under state law, plaintiff contends, the mortgage became due in its entirety when it was accelerated and therefore the plan may not modify her claim which is secured by a security interest in the debtors' principal residence. The defendant-debtors argue that application of state law in these circumstances would frustrate the policies underlying Chapter 13 and that Judge Parente was correct in his determination that they may utilize § 1322(b)(5) to cure their preacceleration mortgage default and reinstate the original payment schedule of the mortgage.

Plaintiff's mortgage contained a statutory form of acceleration clause, see N.Y.RPL § 258, Schedule M (McKinney 1968), which, as construed in accordance with N.Y.RPL § 254, provides that in the event of default the entire amount of principal and interest shall become due at the option of the mortgagee. Judge Parente found that although

it is a principle of bankruptcy law that the existence and effect of liens are ordinarily to be determined by state law, state law cannot be applied where to do so would frustrate or debilitate federally enacted policy. He held that the rehabilitative thrust of Chapter 13 would be hampered if state law precluded the right of debtor-homeowners to fend off the loss of their homes by curing defaults. In doing so, he rejected the reasoning of Judge Price in *Matter of La Paglia*, 8 B.R. 937 (Bkrtcy.EDNY 1981). Judge Price found that in order to decide whether the default was subject to cure under § 1322(b)(5), he had to apply state law to determine the effect of the acceleration of the mortgage debt. The acceleration clause involved was almost identical to that in the present case. Judge Price reasoned that while acceleration is not triggered automatically by default, "once the mortgagee has exercised his option to declare the entire balance due on account of a default, the mortgagor generally must tender not merely the total of the installments of principal and interest as to which there has been a default, but the entire balance of the bond and mortgage." *Id.* at 943 (citations omitted). Judge Price concluded that acceleration of the debt made it a debt immediately payable in full. *Id.* Therefore, the debt did not fall within § 1322(b)(5).

Judge Parente rejected this result and held that a mortgagor may "at any time prior to actual conveyance of title to the encumbered property by foreclosure sale, employ Section 1322(b)(5) to cure all preacceleration defaults and reinstate the original payment schedule." At 9 B.R. 302.

■ Although Judge Price's reasoning in *La Paglia* has merit, Judge Parente's approach is more in keeping with the goal of Chapter 13, which is to rehabilitate the debtor while at the same time protect the interest of creditors. See S.Rep. No. 95–989, 1978 U.S.Code Cong. & Ad.News 5787, 5798; *Note, Chapter 13 De Minimis Plans, Toward a Consensus on "Good Faith"*, 9 Hofstra L.Rev. 593, 599–603 (1981). Several cases cited by Judge Parente support this

conclusion. For example, in *Matter of Breuer*, 4 B.R. 499, 1 CBC 2d 722.2 (Bkrtcy. SDNY 1980), a case where the automatic stay was brought into operation following a judgment of foreclosure and sale, the court found, "it would be contrary to the spirit of Chapter 13 to permit the debtor to lose his residence when the payment of $2944.78 would cure the default * * *" *Id.* at 726, 4 B.R. at 501.

In addition, there is more than one way to interpret state law on this issue. In *United Companies Financial Corp. v. Brantley*, 6 B.R. 178, 6 B.C.D. 932 (Bkrtcy.N.D. Fla.1980), a district court permitted cure of preacceleration default following a foreclosure judgment but prior to the final sale. The court reasoned that such a default was curable under § 1322(b)(5) because, under Florida law, a mortgage remains in existence until sale of the property. *Id.* at 938, 6 B.R. at 189. This approach in essence found there was no conflict between state and federal law. Similarly, under New York law, a mortgage is not extinguished and title does not pass until there is a foreclosure sale. *See Prudence Co. v. 160 West Seventy-Third Street Corporation*, 260 N.Y. 205, 183 N.E. 365 (1932); *Monday Properties Inc. v. A–1 Plumbing & Heating Co.*, 25 Misc.2d 625, 204 N.Y.S.2d 330 (Sup. Ct.N.Y.Cty.1960). As Judge Parente points out, since there has been neither final judgment of foreclosure nor sale of the property in the present case, the mortgage remains in existence, and thus arguably default in a mortgage can be cured under 11 U.S.C. § 1322(b)(5) until the time of that sale.

However, even if Judge Price's interpretation of state law is the correct one, in this case, as in *Breuer*, the purposes of Chapter 13 would be violated if the defendant-debtors were to lose their residence because they failed to make three mortgage payments in the mistaken belief they could withhold payment until the plaintiff had made repairs.

The decision of the bankruptcy court denying plaintiff's request for relief from the automatic stay is affirmed.

SO ORDERED.