**In re Michael Eugene SMITH, Debtor.**

**Bankruptcy No. 81–00354N.**

United States Bankruptcy Court,
N. D. Georgia,
Newnan Division.

April 27, 1982.

William E. Anderson, Glover & Davis, P. A., Newnan, Ga., for Newnan Federal.

Ronald L. Rigsby, College Park, Ga., for debtor.

J. Sam Plowden, Atlanta, Ga., Trustee.

## ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

This case is before the Court on the objection of Newnan Federal Savings & Loan Association ("Newnan Federal") to the debtor's Chapter 13 plan and its Application for Conversion of Case. Newnan Federal alleges the following as grounds for its objection to the debtor's plan: (1) that the debtor's plan does not comply with 11 U.S.C. § 1322(b)(2) in that it seeks to modify the rights of Newnan Federal as the holder of a lien on real property that is the debtor's principal residence; (2) that the plan does not comply with 11 U.S.C. § 1322(b)(5) in that Newnan Federal's claim is not one "on which the last payment is due after the date on which the final payment under the plan is due" because the indebtedness has been accelerated; (3) that

the debtor's plan does not comply with 11 U.S.C. § 1325(a)(5); (4) that the debtor's plan does not afford Newnan Federal adequate protection of its interest; and (5) that the debtor's plan does not comply with 11 U.S.C. § 1322(c). Newnan Federal's Application for Conversion of Case is based on the contentions it makes in its objection to confirmation of the debtor's Chapter 13 plan. The trustee also objects to confirmation of the debtor's plan due to the debtor's alleged failure to keep his real estate mortgage payments current since the date of the filing of his petition and because the trustee has received no funds since the commencement of this case.

The real property at issue has a fair market value of approximately $23,000.00 and is subject to a secured indebtedness of approximately $20,500.00. Newnan Federal shows in its unobjected to proof of claim that there are arrearages on the property of $1,420.00. Fayette Finance Company is shown to have arrearages of $205.00 on a debt secured by the real property.

The debtor's Chapter 13 plan proposes to pay $35.00 per week to the Chapter 13 trustee and to pay 100% of proven claims for secured debts and 10% of proven claims for unsecured debts. The debtor will be able to cure the arrearages on the debts secured by his residence within fourteen months. This is a reasonable time to cure under § 1322(b)(5).

The key issue before the Court is whether a default on a debt secured by real property which is the debtor's principal residence may be cured after acceleration and the maturity reinstated under 11 U.S.C. § 1322(b)(5). The case of *In re Taddeo*, 9 B.R. 299 (B.C.E.D.N.Y.1981), *aff'd* 15 B.R. 273 (E.D.N.Y.1981), addresses this question. *Taddeo* discusses those cases which hold that a default and acceleration under state law concerning a debt which is secured by a debtor's principal residence is not subject to cure and reinstatement of maturity, and then concludes that a default in a mortgage can be cured under 11 U.S.C. § 1322(b)(5) until the time that a foreclosure sale is

final. While *Taddeo* was concerned with New York law, Georgia law is consistent with New York law to the extent that Georgia law holds that a foreclosure sale is not final until a deed is transferred and consideration has passed. *FDIC v. Dye*, 642 F.2d 837 (5th Cir. 1981); *In re Lutrella Gooden* (*Gooden v. Buffalo Savings Bank*), Case No. 81–02820A, Adversary No. 81–1455A (B.C.N.D.Ga., April 6, 1982). This Court believes that Judge Parente's reading of the law in *Taddeo* constitutes the proper interpretation and reconciliation of 11 U.S.C. § 1322(b)(5) and (b)(2). Accordingly, this Court in following *Taddeo* holds that the accelerated mortgage debt in the instant case is subject to cure and reinstatement of maturity under the provisions of the Bankruptcy Code.

■ Newnan Federal has also objected to confirmation of the debtor's plan based on the provisions of 11 U.S.C. § 1325(a)(5). The debtor in the February 5, 1982 confirmation hearing consented to interest being assessed on the arrearage owed Newnan Federal. At said hearing, Newnan Federal stated that the indubitable equivalent of its interest required the receipt of "a fair contractual or set rate of interest on this amount of money that is to be paid over the months." Transcript at p. 8. The interest rate on said loan is 8%, and this rate is to be applied to the balance of the arrearages due and owing Newnan Federal pursuant to § 1325(a)(5) of the Bankruptcy Code. The Court notes also that the debtor's plan provides Newnan Federal with adequate protection for its interest and that statutory attorney's fees are included in the amount of arrearages to be paid Newnan Federal under the debtor's Chapter 13 plan.

The trustee's objections to confirmation have been disposed of in that the debtor has been making payments under the plan to the trustee and has kept current on his obligations to Newnan Federal and Fayette Finance Company.

Therefore, for the above-stated reasons, the objections to confirmation filed by Newnan Federal and by the Chapter 13 trustee are overruled, and Newnan Feder-

al's Application for Conversion of Case is denied.

IT IS SO ORDERED.