**In re Glen Sterling STONE, Virginia Lee Baird Stone, Debtors.**

**Bankruptcy No. 381–02081.**

United States Bankruptcy Court,
D. Oregon.

May 21, 1982.

John H. Durkheimer, Portland, Or., for Stone.

Roger F. Anderson, Tigard, Or., for Stokes.

### MEMORANDUM OPINION RE: ACCELERATION

HENRY L. HESS, Jr., Bankruptcy Judge.

At the hearing upon confirmation of the debtor's second amended plan Lyle E. Stokes and Eleanor I. Stokes objected to confirmation upon the ground that prior to the filing of the debtors' petition which instituted their chapter 13 case, Stokes had instituted a foreclosure suit to foreclose the contract for the purchase of real property and in such suit elected to accelerate the entire balance owing upon the contract in accordance with a provision of the contract providing for such acceleration and that the debtor's plan fails to call for payment in full of such balance during the term of the plan. The debtor contended that acceleration does not become effective until a decree of foreclosure is entered and that therefore the debtor in a chapter 13 case may, prior to such a foreclosure decree make a provision for payment of the defaults which occurred prior to the chapter 13 petition and continue payments to become due in the future in accordance with the terms of the contract.

Oregon cases have held that notice of acceleration, as distinguished from notice of forfeiture, may be given for the first time in a complaint to foreclose a land sale contract. *Kincaid v. Fitzwater,* 257 Or. 170, 474 P.2d 742 (1970), rehrg. den. 257 Or. 170, 477 P.2d 712 (1970), *Renard v. Allen,* 237 Or. 406, 391 P.2d 777 (1964), *Smith v. Owen,* 208 Or. 154, 300 P.2d 423 (1956). It appears from these cases that such acceleration is effective no later than the entry of a decree of foreclosure. It is obvious that such an acceleration would not be effective if the purchaser were successful in a contention that the contract was not in default or a contention that the seller had waived, through prior conduct the right to insist on strict performance by the purchaser. In a case in which the purchaser asserted such defense to acceleration, the right to accelerate would not become finally effective until an order or decree of the court was obtained.

In a chapter 13 case the court must be concerned not only with the rights of the parties under state law but their rights under the Bankruptcy Code as well. There is a split of authority as to the effect of a prepetition declaration of acceleration upon the right of the debtor to make provision for the curing of prepetition defaults and continue payments upon sums due in the future without acceleration. Some cases have held that a prepetition declaration of

acceleration prevents the debtor from curing defaults and continuing payments in accord with the terms of the security agreement. *In re La Paglia,* 7 BCD 333, 3 CBC 2d 717, 8 B.R. 937 (Bkrtcy.E.D.N.Y.1981), *In re Williams,* 7 BCD 946, 4 CBC 2d 1028, 11 B.R. 504 (Bkrtcy.S.D.Tex.1981), *In re Allen,* 8 BCD 945, 17 B.R. 119 (Bkrtcy.N.D.Ohio 1981). Other cases have held that the debtor has the right to do so up until the time of a decree of foreclosure by the nonbankruptcy court. *In re Sapp,* 11 B.R. 188 (Bkrtcy.S.D.Ohio 1981), *In re Rippe,* 14 B.R. 367 (Bkrtcy.S.D.Florida 1981), *In re Soderlund,* 3 CBC 2d 255, 7 B.R. 44 (Bkrtcy.S.D.Ohio 1980), *In re Taddeo,* 8 BCD 679, 15 B.R. 273 (E.D.N.Y.1981), *In re Davis,* 8 BCD 635, 5 CBC 2d 610, 16 B.R. 473 (D. Kansas 1981).

In determining which line of bankruptcy cases should be followed by this court, it is important to consider the rehabilitative purpose of chapter 13 and any prejudice which might be suffered by the creditor should the debtor be allowed to cure prepetition defaults without acceleration.

On the first of these two questions the court concludes that the debtor should be permitted to cure such defaults without acceleration and continue payments due in the future in accordance with the provisions of the security agreement. The court believes that those cases which reach this result are the better reasoned cases. On the second question the court concludes that there can be no harm in such a ruling. The creditor will be receiving the total sums due under the contract. What the creditor would be giving up would be the possibility of again becoming the owner of beneficial interest in the property either under a decree of strict foreclosure or by being the successful bidder at a judicial foreclosure sale. The fact that the secured party might benefit financially through either of these possibilities by acquiring the property for a sum less than the value of the property, should not be an equitable consideration in favor of the secured party. Should the amount of the debt exceed the value of the property or should it appear that the debtor would be unable to comply with the terms of the plan, an objection to confirmation or a complaint for relief from the stay upon these grounds would be appropriate. Should the debtor later default in the terms of the plan and it appear that the creditor was not then adequately protected a complaint for relief from the stay or a motion to dismiss the case would be appropriate. Therefore acceleration of the debt is not the only remedy available to protect the interests of the secured creditor.

The court has been assured that counsel for the debtor holds funds in his trust account sufficient to make the payments which became due under the contract prior to the filing of the debtors' petition. Paragraph 2(c) of the plan provides for the payment of priority tax claims, which would include the real property taxes which were due at the time of the filing of the petition.

It therefore appears that the objections to confirmation must be overruled and that the order confirming plan dated March 2, 1982 should be affirmed.