**In re Anthony E. GALASSO, Debtor.**

**Anthony E. Galasso, Debtor–Appellant,**

**v.**

**The Bank of New York, Appellee.**

**Bankruptcy No. 99BR22099(ASH).**
**No. 99Civ.12133(CM).**

United States District Court,
S.D. New York.

May 11, 2000.

Anne E. Miller-Hulbert, for appellee.

Anthony E. Galasso, pro se debtor-appellant.

### SUMMARY ORDER AFFIRMING ORDER OF THE BANKRUPTCY COURT

McMAHON, District Judge.

Before me is the appeal of Debtor Anthony E. Galasso from an order of the Hon. Adlai S. Hardin, Jr., dated November 22, 1999, granting The Bank of New York relief from the automatic stay to the extent necessary to allow The Bank of New York to recover possession of the real property located at 90 Locust Hill Avenue, Yonkers, New York, 10703. Judge Hardin's order is affirmed for substantially the reasons set forth in his bench opinion.

Appellant filed his Chapter 13 petition on September 1, 1999, in order to avoid execution on a Writ of Assistance issued by the Hon. John P. DiBlasi in Westchester County Supreme Court. Ap-

pellee had purchased the property at a foreclosure sale on March 11, 1999, and has been trying to gain possession of same ever since. Under New York law, the foreclosed mortgage merged in the foreclosure judgment; title passed to the mortgagee (the Bank), and the mortgage was extinguished when the foreclosure sale took place. *See In re Taddeo,* 9 B.R. 299, 306 (Bankr.E.D.N.Y.1981), *aff'd,* 15 B.R. 273 (E.D.N.Y.1981), *aff'd* 685 F.2d 24 (2d Cir.1982). Appellee is the titleholder of record of the property by virtue of a deed that was recorded in the Westchester County Clerk's office on April 13, 1999. Appellant has possession of the property but otherwise has no interest in it.

■ Judge Hardin lifted the automatic stay on November 22, 1999. He was correct to do so. Appellant, who is no more than a tenant at will, has no standing to invoke the automatic stay of the Bankruptcy Code to forestall the Bank's gaining possession of what is now its property. *See In re Kizelnik,* 190 B.R. 171 (Bankr. S.D.N.Y.1995). Appellant argues that the stay should be reinstated to give him the opportunity to refinance the mortgage on the property. However, there is no longer any mortgage to refinance. Appellant had more than two years during the pendency of the foreclosure to refinance and pay off the mortgage or to bring it current. He failed to do so. Therefore, he has lost his entire interest in the property. It now belongs to the Bank.

Appellant argues that the Bank has to file a proof of claim in his Chapter 13. This is not correct. The Bank is not Mr. Galasso's creditor. The Bank is his landlord. *See In re Kizelnik.*

This constitutes the decision and order of the Court.