## Hugh Mines

### *v.*

## Jeremiah Moore.

1. Mortgage — *foreclosure — notes not due.* A decree of foreclosure to satisfy a part of the mortgage debt, found the sum due and ordered the sale of the mortgaged premises, subject to a lien on the land to secure the portion of the debt not then due ; a sale was thus made ; the land was not redeemed, and the purchaser acquired a deed for the premises. An action at law was subsequently brought on the notes not due when the decree was rendered, by the payee, who had purchased the mortgaged premises at the master's sale. *Held,* that, under such a decree, the purchase of the mortgaged premises by the mortgagee operated as a satisfaction of the entire debt, as well the portion not due as that which was. In such a case, the purchaser virtually becomes a mortgagor to the extent of the balance of the mortgage debt not due.

2. Defense — *at law.* Also held, that this defense can be made in an action of assumpsit brought on the remaining notes, for their collection.

Appeal from the County Court of La Salle county ; the Hon. P. K. Leland, County Judge, presiding.

This was an action of assumpsit brought by Hugh Mines, to the June Term, 1865, of the La Salle County Court, against Jeremiah Moore, for the recovery of four promissory notes executed by the latter to the former. The notes bore date the 24th of September, 1856, and amounted in the aggregate, exclusive of interest, to the sum of $1,039. The declaration is in the usual form.

Defendant filed the plea of the general issue, and a special plea, that there was given as a part of the same transaction ten other notes ; that, at the November Term, 1861, of the Circuit Court, plaintiff filed a bill to foreclose a mortgage given to secure all of the notes, when a decree was rendered finding ten of the notes to be due, and that there was unpaid upon them the sum of $1,894.69, and that the four notes in controversy, and not then due, were unpaid. A sale of the mortgaged premises was ordered to satisfy the decree, but it was expressly declared that the sale was to be made subject to a lien to secure the payment of these notes. That the mort-

gaged premises were thus sold and purchased by plaintiff's attorney for the sum of $1,953.48, the amount of the decree, interest and costs, and a deed was made by the master, whereby these notes were fully paid and extinguished.

Plaintiff filed a demurrer to this plea, and it was sustained by the court; defendant abided by his plea. A trial was thereupon had, at the return term, by the court without a jury, by consent of parties, resulting in a judgment in favor of the defendant, in bar of the action and for his costs. Plaintiff brings the case to this court by appeal, and assigns the judgment of the court below for error.

Mr. J. C. CROCKER, for the appellant.

Mr. WM. E. BECK, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit brought by Mines against Moore, on four promissory notes, amounting in the aggregate to $1,039. The plea of the general issue was filed, and also a special plea, to which a demurrer was sustained. A trial was had by the court on the general issue, a jury having been waived, by agreement of the parties. The court found the issues for the defendant, and rendered a judgment in his favor 'for costs.

On the trial, plaintiff in error introduced in evidence the notes sued on, and rested his case. Defendant in error then introduced the record and decree, in a cause in chancery, in the La Salle Circuit Court, rendered in 1861. It appears from that record, that plaintiff had filed a bill in that court to foreclose a mortgage on certain real estate, given to secure fourteen promissory notes; ten of which had then matured, and the other four were not due; and the latter appear to be the notes sued on in this case. In that case, the court decreed a foreclosure and sale of the property to satisfy the notes then due. The decree also finds, that the four notes not then due

amount to $1,039, and declares, that the decree shall be a lien on the mortgaged premises for the sum thus found not to be due; and orders the premises, in case of default in payment of the sum then due, to be sold, subject to the lien decreed to secure the payment of these notes. It appears the money was not paid, as directed by the decree, and the premises were sold by the master, and bid off by appellant, or his attorney, for a sum sufficient to satisfy the amount found to be due, and ordered to be paid by the decree, as well as the costs of the proceeding. The lands were not redeemed, and a deed was made by the master to the purchaser, and appellant thus became the owner under the sale.

On one side it is insisted that the sale was a satisfaction of the entire indebtedness, as well that which was due, as that which had still to mature. By the other it is contended that the foreclosure and sale was only a satisfaction of the portion found by the decree.

Had the decree been in the usual form the latter position would be undeniably correct. When the property was bought in by the creditor under this decree a very different question is presented. The portion of the debt not then due was found, declared to be a lien, and the premises to be sold subject to that lien. The sale was so made and the property bid off subject to that lien. In the case of *Weiner* v. *Heintz*, 17 Ill. 259, which was a case-where the material facts were similar to those in the case at bar, it was said by the court, that, although the mortgagor was not entitled to redeem after twelve months had expired, from the sale, he was entitled to relief against the collection of the note not due when the decree was rendered. The court also held, that, when the land was sold to pay the note which had matured, subject to the incumbrance of the mortgage, to the extent of the sum not due, the purchaser took the land subject to the incumbrance, and thereby became a mortgagor to the extent of the note, and the land remained subject to its payment, whoever might become the purchaser of the note, or the owner of the fee, and equity would enforce payment out of the land. " The purchaser is presumed to

have bought the land at its value less the unpaid note, and equity will not permit him to hold the land, and collect the note of Weiner. Besides, the note is paid by operation of law." The court further say : " Heintz owned the mortgage debt, and got the fee of the land by his deed, under the decree, thereby becoming, substantially, mortgagor and mortgagee. The mortgage, and with it the debt, therefore merged in the fee, and could no longer exist. Where two titles or interests in land become united in the same person, in the same right, and at the same time, as that of mortgagor and mortgagee, the lesser will merge in the greater estate and become extinct."

It is true, that case was a bill to redeem, upon the ground that the last note was not paid, but the court held it was, and reversed the decree of dismissal, that the mortgagor might obtain an injunction and surrender of the note. In principle, no distinction is perceived, whether the bill be filed to foreclose or to redeem, or the suit be on the notes. That case is in point and fully disposes of this case.

Nor can it be objected that the defense cannot be made at law. When the purchase was made, the bidder, in view of the terms of the decree, would first ascertain the sum he would have to pay on these notes, and then determine how much the land was worth above that sum. Appellant, being purchaser in this case, would of course determine how much he could give for the premises after satisfying the notes, and he no doubt bid with that view, and thus became the purchaser, and satisfied the notes. And in an action of assumpsit, almost any defense, showing the satisfaction or discharge of the debt, may be shown under the general issue. And we think this defense might clearly be relied on in this case. The judgment of the court below is therefore affirmed.

*Decree affirmed.*