TRUSTEES OF SCHOOLS

V.

ALLIE LOVE ET AL.

*Sales—Under Foreclosure Decree—Issue of Certificate of—Statute of Limitations.*

1. The purchasers at a master's sale under a decree in foreclosure having received the certificate of purchase but failed to demand or obtain a deed from the master within the period of five years from the expiration of the redemption period, it is *held:* That the certificate was null and void, and that, no excuse for negligence being shown, equity would not interfere to relieve them from the legal effect of such negligence.

2. Upon the case presented, the fact that the purchasers were school trustees did not prevent the bar of the statute from taking effect, the rule that the statute does not run against the government not being applicable.

[Opinion filed February 4, 1890.]

APPEAL from the Circuit Court of Jasper County; the Hon. C. C. BOGGS, Judge, presiding.

Trustees of Schools v. Love.

In 1870 appellants loaned Elias Wilson $75 of the school fund and took a common school mortgage on forty acres of land to secure the debt. At that time John Mason held a prior mortgage on the same land from Wilson, to secure $300 and interest. After Wilson's death, and at the November term, 1872, of said Circuit Court, appellants and Mason each filed a bill against the heirs of Wilson to foreclose their respective mortgages, and each obtained a decree. On December 28, 1872, a sale was made in each case under the decree rendered therein. Appellants, at the sale under the decree in their favor, purchased said land for $132.90, the amount due for debt, interest and costs, and Mason, at the sale under the decree in his favor, bought said land for $402.87, the amount of debt, interest and costs due him.

The usual certificates of purchase were issued by the master to the respective purchasers, and were duly recorded on the day of sale. Mason sold and assigned his certificate to the trustees, and they still hold both, but they neglected to demand or to take out a master's deed for the purchased premises within the period of five years after the expiration of the time for redemption from said sales, and in fact never did apply for or take out such deed, and in 1886, filed their bill in this cause to vacate each of said sales and for an order to the master in chancery to re-sell said land to the highest and best bidder, for cash, with the usual equity of redemption. The court, on hearing, dismissed the bill, which had been amended, and complainants took this appeal.

Messrs. GEORGE N. PARKER and J. M. HONEY, for appellants.

Messrs. GEORGE W. FITHIAN and GIBSON & JOHNSON, for appellees.

GREEN, J. The legal effect of the proceedings in foreclosure, was to merge in the respective decrees the mortgages of Mason and appellants, and the debts secured thereby. The debt and mortgage to Mason were merged in the decree entered in his favor. And the debt and mortgage to appel-

lants were merged in the decree entered for them. The decrees were each fully satisfied by the sale of the land, to Mason and to appellants. The general rule is, that by a decree in chancery, the contract or instrument upon which the proceeding is based, becomes entirely merged in the decree. By the judgment of the court it loses all its vitality and ceases to bind the parties to its execution. Its force and effect are then expended, and all remaining legal liability is transferred to the decree. Wayman et ux. v. Cochrane, 35 Ill. 152; Smith v. Smith, 32 Ill. 198; Mines v. Moore, 41 Ill. 273; Hughes et al. v. Frisby, 81 Ill. 188.

We find nothing in this record to exempt the decrees mentioned, and the mortgages and mortgage debts, from the operation of this general rule. It is not claimed the proceedings in foreclosure, and the sales by the master, were not regular and legal, or that Wilson had not a perfect title to the property sold to satisfy the decrees, or that the purchasers were misled or deceived in any manner, when they bought at the master's sale, and by these sales the decrees were satisfied. 2 Jones on Mortgages, Secs. 936, 953. The real estate having been thus sold under the several decrees to Mason and to appellants, each took out a certificate of purchase by virtue of Sec. 16, Chap. 77, Starr & Curtis' Stat., and the certificates were duly recorded as required by Sec. 17. Mason assigned his certificate to appellants, and they became the owners thereof, and entitled to the same rights and benefits by virtue thereof, as Mason had. Sec. 29, same chapter.

The premises were not redeemed from said sales, and appellants, as legal holders of said certificates, after the expiration of the time for redemption, by virtue of Sec. 30 of Chap. 77, became entitled to a master's deed for said premises, provided they took out such deed at any time within five years from the expiration of the time of redemption; but if such deed was not taken out within the time limited, the certificates became null and void, unless the deed was wrongfully withheld by the master. A deed was never demanded from the master by appellants, nor did they ever take out a deed for the premises. Appellants having neglected to take out such

Osborne v. Williams.

deed within the period limited by Sec. 30, are now barred by that limitation. Ryhiner v. Frank et al., 105 Ill. 326. Thus by negligence, no excuse for which is shown, appellants lost the benefit of the decrees, sales thereunder, and of the certificates of purchase, and are not in a position to entitle them to equitable interference in their behalf, to enable them indirectly to avoid the consequences of their negligence, by vacating the sales and ordering a re-sale of said land, that they may be permitted to purchase it again, and be given another opportunity to avail themselves of the benefit of the provisions of the statute.

Counsel for appellants have suggested that the limitation in Sec. 30 does not apply to school trustees and can not be set up against appellants. This contention is based upon the theory that no *laches* can be imputed to the government, and no limitation runs so as to bar its rights. This doctrine, as an abstract legal proposition, may be conceded to be correct, but is not applicable in this case. A discussion of this doctrine and rules governing its application, supporting the view we express, will be found in the following cases: School Directors v. School Directors, 105 Ill. 653; County of Piatt v. Goodell, 97 Ill. 84; Leroy v. City of Springfield, 81 Ill. 114; Ramsay v. County of Clinton, 92 Ill. 225; People v. Town of Oran, 121 Ill. 652.

Upon a full and careful consideration of this case, we find no sufficient ground for the relief prayed in appellants' amended bill, and no error in the dismissal of it, by the Circuit Court. The decree is affirmed.

*Decree affirmed.*