63 So.2d 561

### PETERSON v. HOME SAVINGS & LOAN ASS'N.

### 1 Div. 387.

Supreme Court of Alabama.

April 17, 1952.

Rehearing Denied March 19, 1953.

D. R. Coley, Jr., Mobile, for appellant.

Francis H. Inge, Richard H. Inge and Inge, Twitty, Armbrecht & Jackson, all of Mobile, for appellee.

LIVINGSTON, Chief Justice.

This suit was instituted in the Circuit Court, in Equity, of Mobile County, Alabama, by Lula A. Peterson, as guardian of Rawleen Rae Hill, a minor, against Home Savings & Loan Association, a corporation, of Mobile, Alabama, an Alabama corporation.

It is undisputed that on February 3, 1938, Christine Rawls Hill executed and delivered to the Home Building & Loan Association of Mobile, Alabama, a mortgage conveying certain described real estate located in Mobile County, Alabama: that Home Savings & Loan Association is the successor to Home Building & Loan Association of Mobile, Alabama: that Christine Rawls Hill died on March 4, 1941, and that Rawleen Rae Hill, her minor daughter, inherited the property mortgaged, and that Lula A. Peterson is her legal guardian: that on December 9, 1938, the Home Building & Loan Association of Mobile, Alabama, as mortgagee, executed a foreclosure deed to the Home Building & Loan Association of Mobile, Alabama, conveying the property conveyed in the mortgage.

The bill of complaint in this case was filed December 31, 1943. It alleges in substance that the mortgage has never been foreclosed and, after offering to do full equity, prays for the following relief:

"* * * and that upon a final hearing of this cause, the Court will order, adjudged and decree that there was in fact no foreclosure of the said mortgage under and pursuant to the powers contained therein; and that the alleged foreclosure deed hereinabove referred to as Exhibit "b" is in fact fraudulent and void and of no effect, and that the Respondent be ordered and directed to execute and place of record in the Probate Court of Mobile County, Alabama, an instrument releasing and disclaiming any rights under and by virtue of said pretended foreclosure deed.

"And Complainant further prays that: the Court will determine what amount: Respondent should credit as against said mortgage indebtedness, and will

determine the amount due under said mortgage.

"And Complainant further prays that Your Honors having taken jurisdiction of the matters complained of, will render a decree in her favor for such sum or sums as she may be in justice and equity entitled to, and credit such sum or sums on the amount due to the Respondent under the terms of said mortgage, and ascertain any sums due by the Respondent to the Complainant for rents or for the use and occupancy of said premises described in said mortgage and credit said sum or sums due to the amount due said Respondent on said mortgage, and if said sums, together with such damages as Complainant is entitled to receive, shall exceed the amount due to the Respondent, then that this Honorable Court will render a decree in her favor for the excess.

"And if your Complainant is in error as to the relief herein prayed for, then she prays that this Honorable Court will grant to her such other and further relief as in equity she may be entitled to receive."

The respondent incorporated in the answer the following pleas:

"The Respondent, further answering the Complainant's Bill of Complaint and as plea thereto says that the cause of action, if any, as set forth in said Bill of Complaint is barred by laches in that said foreclosure sale was held on December 9, 1938, and this Bill of Complaint was not filed until the 31st day of December, 1943, more than five (5) years after the foreclosure sale was held.

"For additional answer and plea to the Complainant's Bill of Complaint, the Respondent says that the Complainant's cause of action as set forth in the Bill of Complaint is barred by the one (1) year statute of limitations in that the alleged fraud was known to Christine Rawls Hill on December 9, 1938, when the foreclosure sale took place and, on December 21, 1938, the attorney for Christine Rawls Hill wrote the Home Building & Loan Association surrendering possession of the property, yet this Bill of Complaint was not filed within one (1) year after the discovery of the alleged fraud; and in fact not until more than five years thereafter."

On submission of the cause upon testimony taken *ore tenus,* the court below entered the following decree on June 10, 1949:

"This cause having been submitted for final decree on the pleadings, on the oral testimony of the witnesses given in open court, and on the evidence as noted by the Register, and the Court having fully considered the same, and being of the opinion and having found that the Respondent has proved to the reasonable satisfaction of the Court, and has sustained its plea of laches, as embraced in its answer, to the effect that the cause of action as set forth in the bill of complaint is barred by laches in that the action was not brought for more than five years after the date of the foreclosure sale attacked by the bill; and the Court in view of its conclusion reached upon the Respondent's plea of laches finding it unnecessary to pass upon or elaborate as to any issues in the case not embraced in its finding upon said plea.

"It is now Considered, Ordered, Adjudged and Decreed by the Court that this action was barred by laches prior to its filing, that the Complainant is not entitled to the relief prayed for in the bill; and that this cause be and the same hereby is dismissed.

"It is further Ordered, Adjudged and Decreed by the Court that the costs of this cause be taxed against the Complainant, for all of which let execution issue."

In our opinion the lower court has not determined the principle issue raised in the case. As we view it, the original bill was not filed for the purpose of setting aside a foreclosure sale and the cancellation of record of a foreclosure deed executed in pur-

508

suance thereof on the ground of defects in the foreclosure sale. The bill seeks, in effect, to have a foreclosure deed canceled of record because there has been, in fact, no foreclosure sale, and to exercise the equity of redemption and for an accounting. We think it is elementary that if the mortgage has never been foreclosed it is still subsisting and outstanding.

Equity Rule 16, Code 1940, Tit. 7 Appendix, provides:

"Pleas. While a defendant may file one or more pleas, if he so desires, a defendant may incorporate all matters of defense in his answer, and is not required to plead specially, in any case, but shall not take or have any advantage by pleading or proving an immaterial, irrelevant, or insufficient plea, and the plaintiff is not required to test the sufficiency of any such plea, or to move to strike it, and if his bill contains equity and is proved, he shall have the appropriate relief, notwithstanding any such special plea may have been pleaded and proved. Any party may have a plea set down for hearing to test its sufficiency."

We are clear to the conclusion, that under the evidence in this case, in the absence of a finding by the trial court that there had been a foreclosure sale of some sort, the doctrine of laches was erroneously applied. We do not say that under the evidence in this case the trial court could not have found that the mortgage had been foreclosed. We only say that it did not do so.

We are not unmindful of the provisions of Section 810, Title 7, Code 1940. However, on the record before us which shows the taking of the testimony *ore tenus* before the trial court, we are not willing to undertake the task of deciding all of the questions that should have been decided in the court below, and feel amply justified in reversing and remanding the cause to that court for further proceedings.

Reversed and Remanded.

FOSTER, LAWSON and SIMPSON, JJ., concur.