**In re Woodrow and Betty JENKINS, Debtors.**

**Bankruptcy No. 81 B 2948.**

United States Bankruptcy Court, N. D. Illinois, E. D.

Oct. 20, 1981.

Pierce & Bashaw, Chicago, Ill., for creditor.

Melvin Kaplan, Chicago, Ill., for debtors.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

Debtors filed a petition and plan under 11 U.S.C. Chapter 13 and Allstate Enterprises Mortgage Corporation (Allstate), a creditor, filed a written objection to the confirmation of the plan. This matter came to be heard on Allstate's objection to confirmation. Having carefully considered the briefs and memoranda filed and being fully advised in the premises, the court hereby makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Allstate is the mortgagee and debtors are mortgagors of real property possessed by debtors. Allstate filed a mortgage foreclosure action in Circuit Court and sometime in February 1981 the Circuit Court entered a Judgment of Foreclosure and Sale. Said judgment decreed that debtors owed Allstate $35,478 and that if debtors did not pay the sum in full within 3 days, the property would be put up for foreclosure sale. After entry of the Judgment of Foreclosure and Sale but before the actual sale, debtors filed their Chapter 13 petition which stayed any further proceedings under the judgment. 11 U.S.C. § 362.

Debtors' plan seeks to characterize Allstate as the holder of two claims, one for mortgage arrears, defaults and costs preceding the judgment and the other for current monthly mortgage payments. Debtors' plan proposes to cure the pre-judgment arrears and defaults over a 24 month period. Allstate objects to the plan and debtors attempted characterization of its claim. Allstate contends that it holds one claim for the entire judgment sum of $35,478 and that the entire claim must be paid through the Chapter 13 plan.

### DISCUSSION

#### A.

Following Illinois law, this court holds that after the entry of a Judgment of Foreclosure and Sale, the underlying mort-

gage foreclosed upon merges into the judgment.

> The mortgage, as a security instrument, is merged in the decree and the instrument can be enforced only through the decree and according to its terms...

27 I.L.P. Mortgages § 419.[1] Since the mortgage merges into the judgment, there is no longer a mortgage under which a Chapter 13 debtor can cure arrearages. This court, through a Chapter 13 plan, will not revive a mortgage after a valid and final Circuit Court Judgment of Foreclosure and Sale. The Circuit Court's judgment deserves some measure of finality. The judgment controls the legal rights of the parties and the only legal or equitable right the debtor-mortgagor has in the property is the right of redemption. Depending upon the type of property involved, it may be redeemed by paying the judgment in full within a certain specified time period. Generally, a debtor will have at least 6 months from the actual foreclosure sale within which he may redeem his property by paying the judgment in full.[2] Finally, state law grants mortgagors a right to cure defaults prior to the entry of a Judgment of Foreclosure and Sale. Ill.Rev.Stat. ch. 95, ¶ 57.

### B.

 Debtors have no right to attempt to cure pre-judgment defaults pursuant to the Bankruptcy Reform Act of 1978. Pursuant to Illinois law, debtor's obligation to Allstate is now due and payable as set forth in the Judgment of Foreclosure and Sale. A Chapter 13 plan cannot modify the rights of certain secured creditors. 11 U.S.C. § 1322(b)(2). However § 1322(b)(5), an explicit exception to § 1322(b)(2), provides that a Chapter 13 plan may cure defaults on a claim "on which the last payment is due after the date on which the final payment under the plan is due." Since the mortgage has merged into the judgment, the entire judgment sum is *now* due and payable. Therefore, § 1322(b)(5) is inapplicable and debtors cannot propose a plan which attempts to cure pre-judgment defaults. Section 1322(b)(3) provides that a Chapter 13 plan may cure "any default". However, a logical and consistent reading of § 1322(b) leads to the inescapable conclusion that where subsections (b)(2) and (b)(5) apply, subsection (b)(3) must be deemed inapplicable.[3]

 Finally, 11 U.S.C. § 1124(2)(A) and (B) does not apply to cases under Chapter 13. Section 1124 allows Chapter 11 debtors attempting reorganization to cure defaults on accelerated claims and to reinstate the original maturity of such claims. Section 1124 applies only in Chapter 11 cases. 11 U.S.C. § 103(f). Congress recognized the importance of such a section in effectuating successful reorganization plans. *See* S.R. No. 95–989, 95th Cong., 2d Sess. (1978) 120, U.S.Code Cong. & Admin.News 1978, p. 5787. Congress, however, chose not to include a similar section allowing reinstatement of accelerated mortgages in Chapter 13. This court will not act as a legislature by reading § 1124(2)(A) and (B) into § 1322(b)(3), even though the court believes Chapter 13's liberal debtor relief provisions seems to justify such an implication.

### CONCLUSION

 Pursuant to Illinois Law and The Bankruptcy Reform Act of 1978 this court

---

1. *See, Trustees of Schools v. Love*, 34 Ill.App. 418 (1890); *Carter Oil Co. v. Durbin*, 376 Ill. 398, 34 N.E.2d 407 (1941); 23a I.L.P. Judgments §§ 282, 283.

2. Moreover, on the date of filing a petition, an estate is created consisting of the debtor's legal and equitable interests in property. 11 U.S.C. § 541. When the debtors filed their petition, their only interest in the property was the right of redemption. The debtors had no right to cure the defaults on a mortgage that had been foreclosed by final judgment. The debtors' right of possession, pending the expiration of their right of redemption, did not become property of the estate. *See In re Adams*, 13 B.R. 281, 7 B.C.D. 1414 (Bkrtcy.1981). The filing of a Chapter 13 plan does, however, toll the running of the period of redemption and in appropriate cases, debtors may redeem the property within the terms of their Chapter 13 plan. *In re Medenica*, 5 Bankr.Ct.Dec. 334 (1979).

3. *See In re Williams*, 11 B.R. 504, 7 B.C.D. 946, 947 (Bkrtcy.1981); *Matter of LaPaglia*, 8 B.R. 937 (1981); *In re Canady*, 9 B.R. 428 (Bkrtcy. 1981); Well reasoned decisions based on similar facts which reached the same results.

holds that a creditor-mortgagee having a valid and final Judgment of Foreclosure and Sale is entitled to the full payment of such judgment under any Chapter 13 plan proposed by a debtor-mortgagor. The debtor-mortgagor cannot propose a plan dividing the Judgment of Foreclosure and Sale into two claims, one for pre-judgment defaults and the other for current monthly payments. The right of redemption remains the debtor-mortgagor's sole interest in the property. The court will not reinstate mortgages that have merged into final Judgments of Foreclosure and Sale even though the Foreclosure Sale has not yet been conducted. Though the court realizes the above result may be extremely harsh for some debtors and the court sympathizes with their plight, their avenue for relief lies with Congress, not the courts. Greater hardship probably would be occasioned if Circuit Court Judgments were not accorded the finality to which they are entitled.

WHEREFORE, IT IS HEREBY ORDERED that the parties shall submit a draft order in accordance with this opinion.