**In re Terry CHEEKS and Margaret Cheeks, Debtors.**

**MID–STATE HOMES, INC., a corporation, Plaintiff,**

v.

**Terry CHEEKS and Margaret Cheeks, Richard E. Thompson, Trustee, Defendants.**

**Adv. No. 82–0443.**

United States Bankruptcy Court, M.D. Alabama.

Nov. 8, 1982.

R.A. Norred, Birmingham, Ala., for plaintiff.

Earl Gillian Jr., Gillian & Gillian, Montgomery, Ala., for defendant.

## MEMORANDUM OPINION

LEON J. HOPPER, Bankruptcy Judge.

This matter is now before the court on a complaint to obtain relief from stay and is submitted as a matter of law as the facts are not in dispute.

The debtors are the owners of certain residential real property located in Autauga County, Alabama, which property is subject to a mortgage in favor of the plaintiff, Mid-State Homes, Inc. The debtors defaulted on their mortgage payments and on June 15, 1982, the plaintiff exercised its acceleration clause under the note and mortgage. At the time of the acceleration the debtors were in default for the April, May and June payments and certain insurance charges. On July 26, the debtors filed their Chapter 13 petition and, as a result, the foreclosure sale which was scheduled for July 27, 1982, was stayed. The debtors'

Chapter 13 plan proposes to cure the mortgage default through the plan and to pay directly to Mid-State post-petition payments as they become due.

The issue before the court is whether the provisions of Section 1322(b)(5) of the Bankruptcy Code allows the curing of a default after acceleration. The plaintiff argues that once the debt is accelerated the provisions of Section 1322(b)(5) do not apply.

■ The various subsections of Section 1322(b) specify what a Chapter 13 plan may do. Section 1322(b)(5) reads:

"notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due".

As there is a reference to paragraph (2), it is necessary to note what that paragraph provides. Section 1322(b)(2) reads:

"modify the rights of holders of secured claims other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims".

Therefore, it appears that the Code allows modification of the rights of holders of a claim secured only by a security interest in real property that is the debtor's principal residence insofar as that modification deals with the curing of a default.

■ Under Alabama law, even if a mortgage has been accelerated, unless and until foreclosure actually takes place the mortgage is still subsisting and in effect. *Peterson v. Home Savings & Loan Ass'n,* 258 Ala. 505, 63 So.2d 561 (1953). When the debtors filed their Chapter 13 petition on July 26, 1982, foreclosure had not taken place so the mortgage is still in existence. Inasmuch as the mortgage still exists, it is subject to the cure provisions of Section 1322(b)(5). For a similar ruling see *In re Taddeo,* 9 B.R. 299 (Bkrtcy.E.D.N.Y., 1981), aff'd, 15 B.R. 273 (Dist.Ct.E.D.N.Y.1981), aff'd 685 F.2d 24 (2d Cir.1982). Also see

*Matter of Wilder,* 22 B.R. 294 (Bkrtcy.M.D. Ga.1982); *In re Young,* 22 B.R. 620 (Bkrtcy. N.D.Ill.1982); *United Companies Financial Corp. v. Brantley,* 6 B.R. 178 (Bkrtcy.N.D. Fla.1980); *In re Rippe,* 14 B.R. 367 (Bkrtcy. S.D.Fla.1981); *In re Smith,* 19 B.R. 592 (Bkrtcy.N.D.Ga.1982); *In re Gooden,* 21 B.R. 456 (Bkrtcy.N.D.Ga.1982); *Matter of Breuer,* 4 B.R. 499, 1 CBC 2d 722 (Bkrtcy.S. D.N.Y.1980); and *In re Soderlund,* 7 B.R. 44, 3 CBC 2d 255 (Bkrtcy.S.D.Ohio 1980).

There are cases reaching a contra result, the reasoning of which this court rejects with little difficulty. See *In re Williams,* 11 B.R. 504 (Bkrtcy.S.D.Tx.1981); *In re La-Paglia,* 8 B.R. 937 (Bkrtcy.E.D.N.Y.1981); *In re Jenkins,* 14 B.R. 748 (Bkrtcy.N.D.Ill. 1981); and *In re Allen,* 17 B.R. 119 (Bkrtcy. N.D.Ohio 1981).

Rehabilitation of the debtor is the basic concept of Chapter 13. One of the principal aims of Chapter 13 is to afford the consumer debtor the opportunity to retain certain of his assets while making payment to his creditors. Congress has employed strong broad language in Section 1322(b)(5) which allows the curing of *any* default. The legislative history of this section reads in part, "It is intended that a claim secured by the debtor's principal residence may be treated with under section 1322(b)(5) of the House amendment" (which became Section 1322(b)(5) of the Code as enacted). 124 Cong.Rec. H 11,106 (September 28, 1978); S. 17,423 (Oct. 6, 1978).

The court finds that it is the clear import of Section 1322(b)(5) that debtors may cure defaults on mortgages of their principal residence without regard to whether there has been an exercise of an acceleration clause. Otherwise, Section 1322(b)(5) as to residences would have limited application since home mortgages generally contain acceleration clauses.

The relief sought by the complaint is due to be denied. Judgment will be entered accordingly.