### In the Matter of Norma MARTINEZ, Debtor.

Bankruptcy No. 86–00279.

United States Bankruptcy Court, D. New Jersey.

March 19, 1987.

John J. Scura by August R. Soltis, Wayne, N.J., Standing Chapter 13 Trustee.

Edward Casel, Willingboro, N.J., Dona C. Bass, Wayne, N.J., for Mortgagee, National State Bank.

Dean Sutton, Sparta, N.J., for debtor.

## OPINION

VINCENT J. COMMISA, Chief Judge.

The instant proceedings were commenced on January 14, 1986 where Norma Martinez, the debtor herein, filed a petition for relief pursuant to the provisions of Chapter 13 of the United States Bankruptcy Code. In accordance with said provisions of the Code, the debtor filed a Chapter 13 plan which provided for the payment of arrearages and the reinstatement of a previously existing real estate mortgage on the debtor's residence.

National State Bank, a secured creditor of the debtor and the mortgagee of the mortgage under consideration has filed an objection to confirmation of the debtor's Chapter 13 plan.

This Opinion shall constitute the Court's Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 7052.

On May 1, 1985 the debtor, Norma Martinez, filed her first Chapter 13 petition, Case No. 85–02198. Thereafter, on May 28, 1985, the National State Bank, holder of a first mortgage on the debtor's residence, 130 Stone Street, Newark, New Jersey, filed a proof of claim in the amount of $8,534.58 for arrearages due on said mortgage. The claim included seventeen (17) pre-petition mortgage payments plus additional delinquent charges.

At this time the National State Bank filed objections to confirmation of the debtor's Chapter 13 plan.

On September 4, 1985, the Standing Chapter 13 Trustee filed a motion seeking to dismiss the debtor's Chapter 13 proceedings because of the debtor's failure to appear at a scheduled Section 341(a) meeting and also for the debtor's failure to make the required plan payments to the said Trustee's office.

After the Standing Trustee had filed his motion to dismiss, the debtor filed an application seeking a voluntary dismissal of the Chapter 13 proceedings. As a result of said application, an Order was executed and filed on October 16, 1985 dismissing said proceedings. It is noted that as of October 16, 1985, the debtor had also failed to make mortgage payments due for the months of June, July, August, September and October 1985.

On January 9, 1986, the National State Bank obtained a final judgment in a foreclosure action it had filed in the Superior Court of New Jersey. The said judgment was against the debtor and her residential property.

Immediately thereafter, on January 14, 1986, the debtor filed a second Chapter 13 petition.

Subsequently, on February 24, 1986, the National State Bank filed a claim for arrearages in the amount of $12,870.06. This figure was based upon arrearages of twenty-one (21) mortgage payments and other charges. At the same time, the claimant, National State Bank, filed objections to the confirmation of the debtor's Chapter 13 plan.

The Chapter 13 plan provides for the payment of the arrearages and for reinstatement of the real estate mortgage in question.

The objecting secured creditor contends that the debtor may not use Chapter 13 as a vehicle to reinstate a mortgage where the foreclosure judgment has been obtained and filed. Here, the Chapter 13 petition was filed five (5) days after the entry of the foreclosure judgment.

■ In order to determine what property rights the debtor has with which to consummate a Chapter 13 plan, it is noted that in *Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979)

the Supreme Court of the United States held:

> "Property rights are created and defined by state law. Unless some Federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding ..."

Thus, state law must be applied to determine whether or not the debtor has any existing right *in the mortgage* held by National State Bank.

The purpose of a foreclosure action is to determine the right to foreclose and the amount due on the mortgage, to give the purchaser at a foreclosure sale the title and estate acquired by the mortgagee, as well as the estate of the mortgagor at the time the mortgage was executed, free from subsequent encumbrances. *Central Penn Nat. Bank v. Stonebridge Ltd.*, 185 N.J.Super. 289, 448 A.2d 498 (Ch.1982).

■ Under New Jersey law every mortgagor is possessed of an "Equity of Redemption" which stems from the mortgage itself and the common law. Pursuant to the right aforesaid, the mortgagor is cloaked with the authority, subsequent to default, but prior to a judgment of foreclosure, to perform his obligation under the mortgage and have title to his property restored free and clear of the mortgage obligation. G. Nelson and D. Whitman, *Real Estate Finance Law* § 7.1 (2d ed. 1985).

Additionally New Jersey law provides at Rule 4:65–5[1] the following pertinent language:

> A sheriff who is authorized or ordered to sell real estate shall deliver a good and sufficient conveyance in pursuance of the (foreclosure) sale unless a motion for the

hearing of an objection to the sale is served upon him within 10 days after the sale or at any time thereafter before the delivery of the conveyance ...

In 1970, the New Jersey Supreme Court construed the foregoing rule to mean that "a mortgagor is entitled to redeem (foreclosed) property within a 10 day period for objections to sale and such right continues until an order confirming the sale is issued, in cases of timely filed objections." *Hardyston National Bank v. Tartamella*, 56 N.J. 508, 513, 267 A.2d 495 (1970). Stated another way, a mortgagor retains a right of redemption after foreclosure sale in which to redeem his property free and clear of the mortgagee's rights. As will be demonstrated below, these rights of redemption are the only property right which a mortgagor retains either after a default under the mortgage or after a judgment of foreclosure. The Mortgagor does not, contrary to the debtor's contention, retain any rights in the mortgage itself.

At judgment, a mortgagee gains a right to the judgment sum plus interest in exchange for his old right to receive periodic payments on the underlying debt. Although there are some early decisions to the contrary,[2] New Jersey case law has long held that the effect of a final judgment in foreclosure is to cause the mortgage to merge into the judgment thereby extinguishing the old terms of installment payments for a present right to have the obligation satisfied in full. *Hudson Trust Co. v. Boyd*, 80 N.J.Eq. 267, 84 A. 715 (Ch.1912); *Heritage v. Bethel*, 96 N.J.Eq. 515, 125 A. 917 (Ch.1924), *Aff'd.* 97 N.J.Eq. 366, 127 A. 924 (E. & A.1925); *Colonial Bldg.-Loan Ass'n v. Mongiello Bros., Inc.*, 120 N.J.Eq. 270, 184 A. 635 (Ch.1936). Consequently, once the mortgage has been foreclosed merger automatically occurs.[3]

---

1. Rules Governing the Courts of the State of New Jersey R:4:65–5.

2. The foreclosure decree does not have the effect of merging the indebtedness on the mortgage bond. *Deshler v. Holmes*, 44 N.J.Eq. 581, 18 A. 75 (E. & A. 1888); *Atwood v. Carmer*, 75 N.J.Eq. 319, 73 A. 114 (Ch.1909).

3. New Jersey statutes provide for not less than five (5) instances where the mortgage will not

merge with a judgment. *See: N.J.S.A.* 2A:50–41; 2A:50–44; 2A:50–47; 2A:50–50 and 2A:50–51. It should be noted, however, that because these statutes contravene the common law rule of merger and/or property transfer finality or vesting, they must be strictly construed so as to avoid any change not clearly intended. *Jones v. Sportelli*, 166 N.J.Super. 383, 399 A.2d 1047 (Law Div.1979). This Court therefore observes

Considering the foregoing, the Court now turns its attention to determine the rights of the debtor pursuant to the provisions of the Bankruptcy Code. Specifically, Norma Martinez asserts that because she still retains a right of redemption in the subject property, Sec. 1322(b)(5) of the Code allows her to revive, deaccelerate and cure the defaults in the mortgage. Section 1322 of the Code states in pertinent part:

(b) Subject to subsections (a) and (c) of this section, the plan may—

(2) modify the rights of holders of secured claims, *other than* a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims;

(5) notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or *secured claim on which the last payment is due after the date on which the final payment under the plan is due.* (Emphasis Added).

11 *U.S.C.* § 1322.

■ In the case of *In re Glenn*, 760 F.2d 1428, 1429 (6th Cir.1985) *cert. denied,* —— U.S. ——, 106 S.Ct. 144, 88 L.Ed.2d 119 (1985) the Sixth Circuit Court recognized several interpretations regarding the application of § 1322. The Court cited *In re Ivory*, 32 B.R. 788 (Bkrtcy.D.Or.1983) which grouped the different viewpoints as follows:

(1) Courts that hold that a debtor may not cure a default once a mortgage debt has been accelerated (citations omitted)

(2) Courts that hold that a debtor may cure a default when the mortgage debt has been accelerated provided that no foreclosure judgment has been entered (citations omitted)

(3) Courts [that] hold that a debtor may cure a default where a state court judgment of foreclosure has been entered provided that no sale has taken place (citations omitted)

that these exceptions are simply that—excep-

(4) Courts that place no express limitation on the debtor's right to cure a default after acceleration (citations omitted) and

(5) Courts that hold that a debtor may cure a default where a foreclosure sale has been held provided that the debtor's right of redemption under the state law has not expired.

*Id.* In light of the foregoing, this Court is not anxious to classify the consequences of a foreclosure judgment upon a debtor's alleged right to cure a default, thereby adding further confusion to the issue presented. Nevertheless, the Court realizes its obligation to adjudicate the rights of the parties in this matter and therefore it concludes that pursuant to New Jersey law, a debtor or mortgagor retains no interest in the mortgage itself, after a judgment of foreclosure has been rendered, based upon this State's invocation of the merger doctrine.

■ Analysis reveals that in New Jersey, once a judgment of foreclosure is rendered and merger occurs, the mortgagor has no default to cure. The mortgage has been extinguished and as a result, so too have the mortgagor's rights to make periodic payments. If the mortgagor is to retain his property at all he must "redeem" the same by tendering payment in full with interest.

The position taken by this Court is not unique as evidenced in the cases of *In re Jenkins*, 14 B.R. 748 (Bkrtcy.N.D.Ill.1981) and *In re Tynan*, 773 F.2d 177 (7th Cir.1985). The Court in *Jenkins* follows the well-established rule of *Carter Oil Co. v. Durbin*, 376 Ill. 398, 34 N.E.2d 407 (1941), *cert. denied*, 314 U.S. 644, 62 S.Ct. 85, 86 L.Ed. 517 (1941), standing firmly for the proposition that a real estate mortgage and the mortgage indebtedness are merged forever into the decree of foreclosure. *Carter Oil Co. v. Durbin*, 376 Ill. 398, 34 N.E.2d 407 (1941), *cert. denied*, 314 U.S. 644, 62 S.Ct. 85, 86 L.Ed. 517 (1941).

■ The case of Norma Martinez does not differ from *Jenkins*. Jenkins filed a

tions to the general rule of merger.

Chapter 13 petition after an entry of final judgment in foreclosure but before a sale of the property pursuant to that judgment. The *Jenkins* plan proposed to cure pre-judgment mortgage arrears over a twenty-four month period. The objecting creditor, Allstate Enterprises Mortgage Corporation, contended that it held one claim for the entire judgment sum, and that the foreclosure judgment could not be divided into two claims, one claim for pre-judgment arrears, defaults and costs, plus a second claim for current monthly payments on the mortgage balance. The *Jenkins* court decided that a creditor/mortgagee holding a final foreclosure judgment is entitled to the full payment of that judgment under a Chapter 13 plan, reasoning that the mortgage had become merged irretrievably into the judgment, and that there is no longer a mortgage capable of reinstatement under which a Chapter 13 debtor may cure arrearages. Relying on Sections 1322(b)(2), (b)(5) and the *Carter* concept, the court ruled that the right of redemption remains the debtor/mortgagor's sole interest in the property after judgment. The decision specifically stated that the court will not reinstate mortgages that have merged into final judgments of foreclosure even though no foreclosure sale had been conducted. *Jenkins*, 14 B.R. 748.

Similarly, the Martinez plan proposes to divide mortgagee's foreclosure judgment into two distinct claims, one for pre-judgment defaults and another for current monthly payments on the balance of the mortgage. Under the law of New Jersey, National State Bank clearly holds a present right to the full satisfaction of its undivided judgment sum. Hence, § 1322(b)(5) has no application in the case *sub judice* by its own language.

Based upon the foregoing, National State Bank's objection to debtor's confirmation of her Chapter 13 plan must be sustained.

Submit the appropriate Order within ten (10) days from the date hereof.